IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-71-D

| | | |
|---|---|---|
| PAUL EUGENE CHERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ELIZABETH CITY STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

On February 4, 2014, Paul Eugene Cherry ("Cherry") filed a pro se complaint alleging employment discrimination against Elizabeth City State University ("defendant" or "ECSU") [D.E. 5]. On June 10, 2014, ECSU filed a motion for partial dismissal of Cherry's amended complaint. See [D.E. 22]. On June 12, 2014, the court notified Cherry about the motion to dismiss, the due date for his response, and the consequences of failing to respond [D.E. 24]. Cherry did not respond to the motion to dismiss.

The court has reviewed ECSU's motion to dismiss and the amended complaint. As for Cherry's Title VII challenges to his non-promotion in June 2008 and late 2008 or early 2009 in count one, these claims are barred because Cherry failed to file an EEOC charge concerning these non-promotions within 300 days of the alleged discriminatory conduct. See, e.g., Webb v. N.C. Dep't of Crime Control & Pub. Safety, 658 F. Supp. 2d 700, 709 (E.D.N.C. 2009); cf. Am. Compl., Ex. A [D.E. 21-1] (EEOC charge). As for Cherry's state-law failure-to-promote claim under N.C. Gen. Stat. § 143-422.2 in count two, sovereign immunity bars this claim. See, e.g., Guthrie v. N.C. State Ports Auth., 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983); Paquette v. Cnty. of Durham, 155

N.C. App. 415, 418, 573 S.E.2d 715, 717–18 (2002). Alternatively, Cherry has failed to state a claim under section 143-422.2 in count two. See, e.g., Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); Mullis v. Mechs. & Farmers Bank, 994 F. Supp. 680, 687 (M.D.N.C. 1997). Finally, Cherry cannot recover punitive damages from ECSU. See, e.g., 42 U.S.C. § 1981a(b)(1); Googerdy v. N.C. Agric. & Tech. State. Univ., 386 F. Supp. 2d 618, 625 (M.D.N.C. 2005).

In sum, defendant's motion for partial dismissal of plaintiff's amended complaint [D.E. 23] is GRANTED. Plaintiff's Title VII failure-to-promote claims from 2008 and 2009 in count one are barred because Cherry failed to file a timely EEOC charge concerning the non-promotions. Plaintiff's state-law claim in count two is barred by sovereign immunity and fails to state a claim. Plaintiff's request for punitive damages is barred by statute. Defendant's motion to dismiss the original complaint [D.E. 15] is DISMISSED as moot. Defendant may answer the surviving claims in plaintiff's amended complaint not later than October 17, 2014.

SO ORDERED. This **23** day of September 2014.

JAMES C. DEVER III
Chief United States District Judge